**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

BLACKIE ALVAREZ,
             *Plaintiff-Appellant,*

v.

JEAN HILL; MAX WILLIAMS; MITCH
MORROW; JUDY GILMORE; STEVE
FRANKE; TOM O'CONNER; TOM
ARMSTRONG; STEVE BRABB; BRAD
CAIN; SONNY RIDER; SONIA HOYT,
             *Defendants-Appellees.*

No. 10-35865

D.C. No.
3:04-CV-00884-BR

OPINION

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Argued and Submitted
October 12, 2011—Portland, Oregon

Filed January 20, 2012

Before: David M. Ebel,* Marsha S. Berzon, and
N. Randy Smith, Circuit Judges.

Opinion by Judge Ebel

---

*The Honorable David M. Ebel, Senior Circuit Judge for the Tenth Circuit, sitting by designation.

## COUNSEL

P. Andrew McStay, Jr., Davis Wright Tremaine LLP, Portland, Oregon, for the plaintiff-appellant.

Mary H. Williams, Solicitor General, and Carolyn Alexander, Senior Assistant Attorney General, Salem, Oregon, for the defendants-appellees.

**OPINION**

EBEL, Circuit Judge:

The question presented here is what relief is available to Plaintiff-Appellant Blackie Alvarez, a former inmate in the Oregon Department of Corrections ("ODOC"), on claims alleging that ODOC employees substantially burdened the practice of his religion in violation of the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc to 2000cc-5. Money damages are not available under RLUIPA against state officials sued in their official capacity. And, because the ODOC has released Alvarez from its custody, his claims for declaratory and injunctive relief are moot. Therefore, having jurisdiction pursuant to 28 U.S.C. § 1291, we AFFIRM the district court's dismissal of Alvarez's claims.

BACKGROUND

In June 2004, Alvarez sued several ODOC officials in their official capacity, alleging, among other things, that they were substantially burdening Alvarez's practice of his Native American religion.[1] The district court granted the ODOC officials summary judgment, but this court remanded Alvarez's claims for further consideration under RLUIPA. *Alvarez v. Hill*, 518 F.3d 1152, 1154-55, 1159 (9th Cir. 2008). On remand, the district court again granted the ODOC officials summary judgment and dismissed Alvarez's RLUIPA claims, ruling: 1) money damages are not available under RLUIPA against state officials sued in their official capacity; and 2) in light of Alvarez's release from ODOC custody, his claims for declaratory and injunctive relief are moot. Alvarez appeals, challenging both determinations.

---

[1]Although Alvarez originally sued the ODOC employees in both their official and individual capacities, the only claims at issue in this appeal are those Alvarez brought against the ODOC employees in their official capacity.

DISCUSSION

I. Oregon's sovereign immunity bars Alvarez's RLUIPA claims for money damages against Defendants sued in their official capacity

We review de novo questions of Eleventh Amendment sovereign immunity. *See Holley v. Cal. Dep't of Corr.*, 599 F.3d 1108, 1111 (9th Cir. 2010).

**[1]** The Supreme Court, in *Sossamon v. Texas*, held that money damages under RLUIPA are not available against states because of their sovereign immunity. *See* 131 S. Ct. 1651, 1655 (2011). And, "[f]or sovereign-immunity purposes, we treat [a] suit against state officials in their official capacities as a suit against the state." *Holley*, 599 F.3d at 1111. Therefore, the district court did not err in dismissing Alvarez's claims for money damages.

II. Alvarez's claims for declaratory and injunctive relief are moot

Mootness presents a question of law reviewed de novo. *See Sierra Forest Legacy v. Sherman*, 646 F.3d 1161, 1176 (9th Cir. 2011).

**[2]** Article III of the federal constitution "restricts federal courts to the resolution of cases and controversies," *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 732 (2008), and requires that "a justiciable case or controversy . . . remain extant at all stages of review," *United States v. Juvenile Male*, 131 S. Ct. 2860, 2864 (2011) (per curiam) (internal quotation marks omitted). A claim is moot "when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980) (internal quotation marks omitted).

**[3]** Here, without his damages claims, Alvarez no longer has a legally cognizable interest in the outcome of this case.

Alvarez was an inmate in the ODOC's custody in 2004 when he initiated this litigation, alleging ODOC officials were substantially burdening the practice of his religion. But ODOC released Alvarez from custody in 2007. "An inmate's release from prison while his claims are pending generally will moot any claims for injunctive relief relating to the prison's policies unless the suit has been certified as a class action." *Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995). The same is true for claims seeking declaratory relief. *See Rhodes v. Stewart*, 488 U.S. 1, 2-4 (1988) (per curiam). The reason is that the released inmate is no longer subject to the prison conditions or policies he challenges. *See id.* at 4; *see also Incumaa v. Ozmint*, 507 F.3d 281, 286-87 (4th Cir. 2007) (citing cases from several circuits).

> Once an inmate is removed from the environment in which he is subjected to the challenged policy or practice, absent a claim for damages, he no longer has a legally cognizable interest in a judicial decision on the merits of his claim. Any declaratory or injunctive relief ordered in the inmate's favor in such situations would have no practical impact on the inmate's rights and would not redress in any way the injury he originally asserted. And the [released] inmate has no further need for such declaratory or injunctive relief, for he is free of the policy or practice that provoked his lawsuit in the first place.

*Incumaa*, 507 F.3d at 287.

Alvarez concedes this general proposition, but argues that his claims fall within one of two mootness exceptions: 1) his claims are capable of repetition, yet will continue to evade review; and 2) his claims challenge ongoing prison policies to which other inmates will remain subject.

A. Alvarez's claims do not fall within the mootness exception for claims that are capable of repetition yet evade review

**[4]** The mootness exception for claims that are capable of repetition, yet evade review, "is limited to extraordinary cases in which (1) the duration of the challenged action is too short to be fully litigated before it ceases, and (2) there is a reasonable expectation that the plaintiff will be subjected to the same action again." *C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 983 (9th Cir. 2011) (internal quotation marks, alteration omitted), *petition for cert. filed* (U.S. Dec. 14, 2011) (Nos. 11-759, 11A452). But there is no indication that Alvarez will again be subjected to the challenged prison policies.

**[5]** Alvarez claims, to the contrary, that it is reasonably likely that he will be returned to ODOC's custody in the future and, thus, again be subjected to the challenged prison policies and conditions. But because Alvarez has now completed his prison sentence and his term of post-incarceration supervision, the only way that he might be returned to ODOC custody is if he commits another crime. That possibility, however, is too speculative a basis on which to conclude that Alvarez's claims are capable of repetition. *See United States v. Howard*, 480 F.3d 1005, 1009 (9th Cir. 2007) ("acknowledg[ing] that we cannot assume that criminal conduct will be recurring on the part of these defendants"); *Reimers v. Oregon*, 863 F.2d 630, 632 & n.4 (9th Cir. 1988) (holding that plaintiff, who had been released from prison, had no reasonable expectation of returning to custody because such a return would occur only if he committed an additional criminal act, but he was "able, and indeed is required by law, to prevent this from occurring"); *cf. O'Shea v. Littleton*, 414 U.S. 488, 495-97 (1974) (holding that plaintiffs failed to allege an actual or threatened injury by asserting that they might be subject to the challenged criminal justice system in the future; anticipating whether and when a party will be

charged with a crime is too speculative and conjectural, and the court assumes, in any event, that plaintiffs "will conduct their activities within the law and so avoid prosecution and conviction").

    B.    The mootness exception recognized in *United States v. Howard* does not apply here to save Alvarez's claims challenging ongoing prison policies

**[6]** In *United States v. Howard*, we recognized a variation on the mootness exception for claims capable of repetition, yet evading review. *See* 480 F.3d at 1009-10. *Howard*'s exception applies where, although there is no reasonable likelihood that the plaintiff himself will be subjected to the same alleged harm in the future, he is, nevertheless, challenging ongoing policies to which others will continue to be subject.[2] Alvarez contends this exception applies here. We disagree.

*Howard* considered claims brought by several criminal defendants, through their appointed counsel, the Federal Public Defender, and in the context of their criminal prosecutions, challenging a federal policy requiring all defendants making their initial appearance in a criminal case to be shackled. *Id.* at 1008-10. By the time the Ninth Circuit considered these claims on review, the pretrial criminal proceedings pertaining to these individual defendants had ended. *Id.* at 1009. Nevertheless, *Howard* held that these claims were not moot because they were capable of repetition, yet would continue to evade review. *Id.* at 1009-10. In drawing that conclusion, *Howard* noted that, although the court could not assume that these particular defendants would be charged in the future with other crimes, it was certain that the challenged policy would apply in the future to other criminal defendants. *Id.* And when those defendants challenged the policy, their claims, too, would evade review. *Id.* at 1010.

---

[2]The district court assumed that at least some of the prison policies Alvarez challenged in this case remain in effect. We make the same assumption.

**[7]** We have never applied *Howard* beyond such circumstances involving short-lived pretrial proceedings in criminal prosecutions, where civil class actions would not be conducive to obtaining the relief sought. *See id.* at 1010. But even if *Howard* does apply more broadly, it would not apply in this case to Alvarez's RLUIPA claims challenging prison policies affecting the conditions of his post-conviction incarceration. While we have assumed, for purposes of this appeal, that at least some of the policies and practices Alvarez challenged remain ongoing and, thus, will continue to affect current ODOC inmates, those inmates can bring their own RLUIPA claims challenging those policies. There is nothing in the record to suggest that these other inmates would generally be unable to litigate their RLUIPA claims to completion, and to do so as a class action if they so chose. For these reasons, therefore, the district court did not err.

## CONCLUSION

For these reasons, we affirm the district court's dismissal of Alvarez's RLUIPA claims seeking money damages as barred by sovereign immunity and his claims seeking declaratory and injunctive relief as moot.

AFFIRMED.