FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 06 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JACOB BARRETT, | No. 11-35238 |
| Plaintiff - Appellant, | D.C. No. 3:06-cv-00510-JE |
| v. | |
| BRIAN BELLEQUE; J. NOFZIGER; REBECCA PRINSLOW; GARY RUSSELL; J. TAYLOR; KENT PARKER, Lt., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Garr M. King, District Judge, Presiding

Argued and Submitted March 9, 2012
Portland, Oregon

Before: W. FLETCHER, FISHER and BYBEE, Circuit Judges.

Jacob Barrett appeals the judgment of the district court dismissing his 42

U.S.C. § 1983 action alleging violations of the First Amendment arising from

disciplinary action taken against him for letters he wrote while a prisoner at the

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Oregon State Penitentiary (OSP). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.     The district court properly dismissed Barrett's claims for declaratory and injunctive relief as moot. Barrett is no longer affected by the Oregon Department of Corrections' (ODOC) policies concerning outgoing inmate mail because he is currently housed at a prison in Oklahoma. *See Alvarez v. Hill*, 667 F.3d 1061, 1063-65 (9th Cir. 2012); *Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995) ("An inmate's release from prison while his claims are pending generally will moot any claims for injunctive relief relating to the prison's policies . . . ."). The Oregon Supreme Court's decision in *Barrett v. Belleque*, 176 P.3d 1272, 1276-77 (Or. 2008), is distinguishable because Barrett has not shown that the disciplinary action challenged here has collateral consequences for him in Oklahoma.

The mootness exception for controversies that are capable of repetition yet evading review does not apply because there is no reasonable expectation that Barrett will be transferred back to the OSP and subjected again to the outgoing mail policies he challenges in this litigation. *See Dilley*, 64 F.3d at 1369. Even if there were such an expectation, there is no reason to believe that a federal lawsuit challenging his discipline could not be litigated to completion before his transfer to

2

another facility. *See id.* We recognize that the capable of repetition exception can apply to an Oregon inmate who has been transferred to a prison in another state under the Interstate Corrections Compact. *See LeMaire v. Maass*, 12 F.3d 1444, 1462 & n.5 (9th Cir. 1993). Here, however, there is no reasonable expectation that Barrett will be returned to the OSP. *Cf. id.* at 1462 ("If [the plaintiff] resumes his old ways, no doubt he may return yet again to the [OSP's Disciplinary Segregation Unit]."). Nor does this case involve an "ongoing" injunction applying to the plaintiff and to "all persons similarly situated." *Id.* at 1450, 1462 n.5.

2.      The district court properly granted summary judgment to the defendants on Barrett's claim for damages because the defendants are entitled to qualified immunity. *See Pearson v. Callahan*, 555 U.S. 223, 231 (2009) ("The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982))).

*Procunier v. Martinez*, 416 U.S. 396, 415-16 (1974), *overruled on other grounds by Thornburgh v. Abbott*, 490 U.S. 401 (1989), established that prison officials cannot censor outgoing inmate mail merely because it contains exaggerated complaints; magnified grievances; expressions of inflammatory

3

political, racial or religious views; unwelcome criticism of policies, rules or officials; or disrespectful comments. *Procunier*, however, did not address whether inmates can be disciplined for posting letters directing hostile and abusive language to and at prison staff, which the defendants here reasonably believed Barrett to have done. Rules prohibiting inmates from directing disrespectful comments toward staff indisputably further legitimate penological interests in security, order and rehabilitation. *See Bradley v. Hall*, 64 F.3d 1276, 1280 (9th Cir. 1995), *abrogated on other grounds by Shaw v. Murphy*, 532 U.S. 223 (2001).

*Procunier* also did not address whether an inmate can be disciplined for posting letters that endorse a white supremacist prison gang that prison officials have identified as a security threat group (STG). ODOC had identified Barrett as a member of the Aryan Soldiers, a white supremacist STG. The defendants could have reasonably believed that disciplining Barrett for posting letters expressing support and endorsement for his STG furthered an important penological interest in rehabilitation. The defendants are therefore entitled to qualified immunity.

Because we hold that the defendants did not violate a right that was clearly established at the time of their conduct, we do not address whether their conduct violated the First Amendment. *See Pearson*, 555 U.S. at 232, 236 (describing the

4

two prongs of the qualified immunity analysis and holding that courts have discretion in deciding which of the two prongs should be addressed first).

**AFFIRMED.**