FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 24 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE LUIS MORALES, | No. 11-17355 |
| Plaintiff - Appellant, | D.C. No. 4:09-cv-03312-PJH |
| v. | |
| K. CRUSE, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Submitted September 10, 2012[**]

Before: WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

Jose Luis Morales, a California state prisoner, appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging

constitutional violations in connection with his placement in the Behavioral

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Management Unit ("BMU") at Pelican Bay State Prison. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal on the basis of mootness, *Alvarez v. Hill*, 667 F.3d 1061, 1063 (9th Cir. 2012), and we consider sua sponte whether a party lacks standing, *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1119 (9th Cir. 2009). We may affirm on any ground supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

The district court properly determined that Morales's claims for injunctive and declaratory relief were moot because the record indicates that Morales has been released from the BMU and that the BMU has been eliminated at Pelican Bay. *See Alvarez*, 667 F.3d at 1063-65 (injunctive and declaratory relief became moot upon inmate's release from custody because he was no longer subject to the prison conditions or policies he challenged, and exceptions to mootness did not apply); *Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995) (inmate's release generally will moot any pending claims for injunctive relief relating to prison's policies). To the extent that Morales sought to challenge a system-wide BMU policy, he lacks standing because he is no longer subject to that policy. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983) (to obtain standing, a plaintiff must show "real or immediate threat" of being subject to the challenged procedures).

The district court did not abuse its discretion in taking judicial notice of the elimination of the BMU at Pelican Bay, which Morales does not dispute. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (reviewing for an abuse of discretion, and noting that district court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment); *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994) (court may take judicial notice of "[r]ecords and reports of administrative bodies").

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**