**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GEORGE HAMILTON, <br><br>     Plaintiff - Appellant, <br><br>  v. <br><br> R. J. HERNANDEZ; J. TYNES, Assistant Warden; ANTHONY A. LAMARQUE; GLEN PONDER; J. SARELI, Lieutenant; ANTHONY HEDGPETH, Warden; DAVIS; J. DELANEY; A. NEGRETTE; C. A. TERHUNE; DERRAL G. ADAMS, Warden; CALIFORNIA DEPARTMENT OF CORRECTIONS; JAMES E. TILTON; SUBSTANCE ABUSE TREATMENT FACILITY AND STATE PRISON, <br><br>     Defendants - Appellees. | No. 09-17881 <br><br> D.C. No. 4:02-cv-05602-SBA <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Saundra B. Armstrong, District Judge, Presiding

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted November 9, 2012[]
San Francisco, California

Before: GOULD and M. SMITH, Circuit Judges, and DUFFY, District Judge[***]

Appellant George Hamilton appeals *pro se* the district court's dismissal of his 42 U.S.C. § 1983 action for failure to state a claim. Hamilton's claims relate to his practice of the House of Yahweh religion. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Hamilton challenges the district court's dismissal of his claims alleging violations of his rights under the First and Eighth Amendments and the Religious Land Use and Institutionalized Persons Act (RLUIPA). Hamilton's amended complaint asserts that Salinas Valley State Prison officials violated his rights by placing him with an incompatible cell mate, interfering with his religious practice, and retaliating against him. Even when the amended complaint is liberally construed, *see Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012), we conclude that Hamilton's amended complaint did not allege facts sufficient to support a claim under 42 U.S.C. § 1983. *See West v. Atkins*, 487 U.S. 42, 48

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Kevin Thomas Duffy, United States District Judge for the Southern District of New York, sitting by designation.

(1988) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.").

Hamilton's complaint asserts that Salinas Valley State Prison officials violated the Eighth Amendment and RLUIPA by pairing Hamilton with an incompatible cell mate on two separate occasions. The first cell mate was allegedly incompatible because he did not practice the House of Yahweh faith. The second cell mate was allegedly incompatible because he belonged to a different gang than Hamilton. To prevail on a claim of deliberate indifference to safety under the Eighth Amendment, a plaintiff must show (1) that he has been "incarcerated under conditions posing a substantial risk of serious harm" and (2) that the prison official knew of and disregarded this risk. *Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1970). The facts alleged in the amended complaint do not satisfy either of these requirements. Hamilton was not threatened or harmed by either of these cell mates, nor does he allege that such a risk existed. Further, even if we assume that these placements created a substantial risk to Hamilton's safety, the facts are insufficient to show prison officials acted with deliberate indifference to any such risk. In the first situation, prison officials allowed Hamilton to reject

3

his cell mate, even though prison policy does not recognize religion as a basis for compatibility. In the second situation, prison officials quickly removed the incompatible cell mate once Hamilton complained about the cell mate's gang affiliation.

Hamilton's RLUIPA claim with respect to the incompatible cell mate placement is also inadequate. Under RLUIPA, a plaintiff must produce prima facie evidence that the government denied an important benefit because of religious conduct. *See Warsoldier v. Woodford*, 418 F.3d 989, 994–95 (9th Cir. 2005). Hamilton did not demonstrate that being placed with an inmate who shares his religious belief is an important benefit that he is entitled to receive. California state prisoners are expected to be housed in two-person cells, and California prison regulations do not suggest that housing decisions are based on religious beliefs. *See* Cal. Code Regs. tit. 15, § 3269 (2011).

Moreover, Hamilton's claims for monetary relief against prison officials in their official capacity also fail on sovereign immunity grounds. *See Alvarez v. Hill*, 667 F.3d 1061, 1063 (9th Cir. 2012).

Also, Hamilton's amended complaint did not demonstrate that prison officials interfered with his religious practice in violation of the First Amendment and RLUIPA. His vague and conclusory allegations that prison officials refused to

4

allow him and others to attend Sabbath services, limited his chapel time, failed to provide meat substitutes, and conducted sexually inappropriate body searches are insufficient to state a claim. *See Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982) (stating that "vague and conclusory allegations of official participation in civil rights violations are not sufficient" to state a claim).

Hamilton's claim of retaliation is also insufficient. A viable § 1983 retaliation claim requires an inmate to assert (1) that a state actor took some adverse action against him (2) because of (3) the inmate's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) that the action did not reasonably advance a legitimate correctional goal. *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009) (quoting *Rhodes v. Robinson*, 408 F.3d 559, 566 (9th Cir. 2005)). We may assume that Hamilton satisfies the first three prongs of this test by asserting that prison officials retaliated against his exercise of First Amendment rights, including his exercise of religion and use of prison grievance procedures, by transferring him to another facility and subjecting him to disciplinary actions. But Hamilton's claim fails because he does not allege that the transfer or discipline had a chilling effect on his exercise of First Amendment rights, or that these actions were not tied to a legitimate goal of the correction system.

Finally, Hamilton's claim that the district court erred by not counseling him to re-plead his Religious Freedom Restoration Act (RFRA) claim under RLUIPA is unfounded. Here, the district court appropriately gave Hamilton the opportunity to amend his complaint and told him of the deficiencies in his original complaint. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). The district court had no duty to act as a legal advisor to Hamilton. *See Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987).

Any outstanding motions for judicial notice are denied.

**AFFIRMED.**