**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| ZDRAVKO KOTZEV, | No. 12-16167 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-00907-FJM |
| v. | |
| CHARLES L. RYAN, in his individual and official capacities as Director of the Arizona Department of Corrections; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Frederick J. Martone, District Judge, Presiding

Submitted May 13, 2014[**]

Before:    CLIFTON, BEA, and WATFORD, Circuit Judges.

Former Arizona state prisoner Zdravko Kotzev appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging

constitutional violations in connection with his incarceration and community

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

supervision. We have jurisdiction under 28 U.S.C. § 1291. We review de novo summary judgment and the district court's dismissal under Fed. R. Civ. P. 12(b)(6). *Doe v. Abbott Labs.*, 571 F.3d 930, 933 (9th Cir. 2009). We affirm.

The district court properly dismissed Kotzev's claim for forcible spousal separation against defendants Ryan and Butcher because Kotzev failed to allege facts sufficient to link defendants to any constitutional violation. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to survive a motion to dismiss, a plaintiff must allege facts that "allow [ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged").

The district court properly dismissed Kotzev's intentional infliction of emotional distress claim because Ryan and Butcher are immune under Arizona law. *See* Ariz. Rev. Stat. § 31-201.01(F) ("Any and all causes of action which may arise out of tort caused by the director, prison officers or employees of the department, within the scope of their legal duty, shall run only against the state.").

The district court properly dismissed Kotvez's § 1983 claims for damages against Ryan acting in his official capacity because Ryan is entitled to Eleventh Amendment immunity. *See Flint v. Dennison*, 488 F.3d 816, 824-25 (9th Cir. 2007) (Eleventh Amendment bars § 1983 damages claims against state officials in their official capacity).

12-16167

The district court properly granted summary judgment on Kotvez's claims against Ryan for injunctive and declaratory relief because those claims were moot. *See Alvarez v. Hill*, 667 F.3d 1061, 1063-65 (9th Cir. 2012) (injunctive and declaratory relief became moot upon inmate's release from custody because he was no longer subject to the conditions or policies he challenged).

The district court did not abuse its discretion by denying Kotvez's motion to amend his complaint and the motion to extend deadlines in the scheduling order because Kotvez failed to show good cause. *See* Fed. R. Civ. P. 16(b)(4) (requiring "good cause" to modify a scheduling order); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608-09 (9th Cir. 1992) (setting forth standard of review and explaining that the "good cause" standard of Rule 16 controls after a scheduling order is established, and that the inquiry turns primarily on the party's diligence).

The district court did not abuse its discretion by denying Kotvez's motion for recusal. *See United States v. Johnson*, 610 F.3d 1138, 1147 (9th Cir. 2010) (setting forth standard of review and stating that judicial rulings alone rarely constitute a valid basis for a recusal motion).

Kotvez's contentions concerning the denial of his motion for default are unpersuasive and unsupported by the record.

**AFFIRMED.**