**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**



JUL 07 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LEE V. QUILLAR,

      Plaintiff - Appellant,

V.

RICK HILL, Warden,

      Defendant - Appellee.

No. 13-15001

D.C. No. 2:04-cv-01203-KJM-CKD

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Submitted June 25, 2014[**]

Before:    HAWKINS, TALLMAN, and NGUYEN, Circuit Judges.

California state prisoner Lee V. Quillar appeals pro se from the district

court's summary judgment, on the basis of the mootness doctrine, in his 42 U.S.C.

§ 1983 action alleging a violation of the Religious Land Use and Institutionalized

Person's Act ("RLUIPA"). We have jurisdiction under 28 U.S.C. § 1291. We

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

review de novo, *Cole v. Oroville Union High Sch.*, 228 F.3d 1092, 1097 (9th Cir. 2000), and we affirm.

The district court properly granted summary judgment because Quillar failed to raise a genuine dispute of material fact as to whether there remained any case or controversy warranting further relief after defendants expunged the disciplinary reports related to grooming violations that Quillar challenged under RLUIPA, and restored his classification status, loss of credits, and access to privileges as if the reports were never issued. *See Alvarez v. Hill*, 667 F.3d 1061, 1064 (9th Cir. 2012) ("A claim is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." (citation and internal quotation marks omitted)); *Ruiz v. City of Santa Maria*, 160 F.3d 543, 549 (9th Cir. 1998) ("The basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted." (citation and internal quotation marks omitted)).

Quillar's contentions that defendant erroneously failed to expunge a June 22, 2005 disciplinary report or restore his classification status from "A2B" to "A1A;" that court-appointed pro bono counsel in his prior appeal and on remand prejudiced his ability to prosecute his claims; and that the district court prevented him from submitting relevant evidence on summary judgment, are unpersuasive.

13-15001

Defendant's motion for judicial notice, filed on June 18, 2013, is granted.

*See* Fed. R. Evid. 201.

**AFFIRMED**.