**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RENO FUENTES RIOS, | No. 14-15817 |
| Plaintiff - Appellant, | D.C. No. 1:12-cv-01334-SKO |
| v. | |
| CONNIE GIPSON, Warden, Warden of CSP-Corcoran-SHU; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Sheila K. Oberto, Magistrate Judge, Presiding[**]

Submitted March 10, 2015[***]

Before:     FARRIS, WARDLAW, and PAEZ, Circuit Judges.

Reno Fuentes Rios, a California state prisoner, appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     Rios consented to proceed before a magistrate judge.  *See* 28 U.S.C. § 636(c).

[***]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

defendants were deliberately indifferent to his serious medical and dental needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii). *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order). We affirm in part, reverse in part, and remand.

The district court properly dismissed Rios' claims regarding treatment of his cataracts and glaucoma, hearing impairment, dry skin, and plantar fasciitis because Rios failed to allege sufficient facts to show that defendants were deliberately indifferent to his health. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (a prison official is deliberately indifferent only if he or she "knows of and disregards an excessive risk to inmate health"); *see also Colwell v. Bannister*, 763 F.3d 1060, 1068 (9th Cir. 2014) ("A difference of opinion between a physician and the prisoner – or between medical professionals – concerning what medical care is appropriate does not amount to deliberate indifference." (internal citations and quotation marks omitted)); *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are to be liberally construed, a plaintiff must present factual allegations sufficient to state a plausible claim for relief).

The district court acted within its discretion by dismissing these claims without leave to amend after providing Rios with one opportunity to amend and

concluding that further amendment would be futile. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (setting forth standard of review and explaining that leave to amend should be given unless amendment would be futile); *see also Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1072 (9th Cir. 2008) (a district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended).

The district court also properly dismissed Rios' claims for injunctive and declaratory relief because these claims were rendered moot when Rios was transferred to another prison. *See Alvarez v. Hill*, 667 F.3d 1061, 1063-64 (9th Cir. 2012) (injunctive and declaratory relief became moot upon inmate's release from custody because he was no longer subject to the conditions or policies he challenged).

However, dismissal of Rios' claims regarding treatment of his asthma, nerve pain, and dental issues was premature at this early stage of the proceedings. Rios alleged that defendants told him they were providing inadequate treatment due to budgetary constraints. Liberally construed, the allegations in the amended complaint were "sufficient to warrant ordering [defendants] to file an answer." *Wilhelm v. Rotman*, 680 F.3d 1113, 1116 (9th Cir. 2012); *see also Colwell*, 763 F.3d at 1068 ("[T]o show deliberate indifference, the plaintiff must show that the

course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to plaintiff's health." (internal citations and quotation marks omitted)); *cf. Peralta v. Dillard*, 744 F.3d 1076, 1083 (9th Cir. 2014) (en banc) (allowing jury to consider budgetary constraints under which a doctor operates in determining whether he or she is liable for money damages).

We do not consider allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED in part, REVERSED in part, and REMANDED.**

14-15817