**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TIMOTHY HANNA, | No. 15-16506 |
| Plaintiff - Appellant, | D.C. No. 1:14-cv-01339-DLB |
| v. | |
| RON DAVIS, Warden at Valley State Prison; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Dennis L. Beck, Magistrate Judge, Presiding[**]

Submitted February 24, 2016[***]

Before:      LEAVY, FERNANDEZ, and RAWLINSON, Circuit Judges.

Timothy Hanna, a California state prisoner, appeals pro se from the district

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      Hanna consented to proceed before a magistrate judge.  *See* 28 U.S.C. § 636(c).

[***]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

court's judgment dismissing his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal under 28 U.S.C. § 1915A); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir.1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)). We affirm.

The district court properly dismissed Hanna's deliberate indifference claim against defendant Lawrence because Hanna failed to allege facts sufficient to show that Lawrence was deliberately indifferent to his mental health issues. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are liberally construed, a plaintiff must still present factual allegations sufficient to state a plausible claim for relief); *Toguchi v. Chung*, 391 F.3d 1051, 1057-60 (9th Cir. 2004) (a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to an inmate's health; medical malpractice or negligence does not amount to deliberate indifference).

The district court did not abuse its discretion in denying Hanna leave to amend after already providing Hanna with an opportunity to amend and concluding that further amendment would be futile. *See Cervantes v. Countrywide Home Loans*, Inc., 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review

15-16506

and noting that district court may dismiss without leave to amend when amendment would be futile).

The district court properly concluded that Hanna's requests for injunctive relief were moot because Hanna was transferred to another prison after bringing this action. *See Alvarez v. Hill*, 667 F.3d 1061, 1063 (9th Cir. 2012) (setting forth standard of review); *Nelson v. Heiss*, 271 F.3d 891, 897 (9th Cir. 2001) ("[W]hen a prisoner is moved from a prison, his action will usually become moot as to conditions at that particular facility.").

**AFFIRMED.**