NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 28 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NATHAN SESSING, Plaintiff-Appellant, v. STUART SHERMAN, Warden; et al., Defendants-Appellees. | No. 17-16079 D.C. No. 1:13-cv-01684-LJO-MJS MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, Chief Judge, Presiding

Submitted December 18, 2017[**]

Before: WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

Nathan Sessing, a California state prisoner, appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging an equal

protection claim relating to Sessing's request for an outdoor worship area. We

have jurisdiction under 28 U.S.C. § 1291. We review de novo the dismissal of an

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

action as moot. *Alvarez v. Hill*, 667 F.3d 1061, 1063 (9th Cir. 2012). We affirm.

The district court properly concluded that Sessing's action was moot because Sessing was transferred to another prison, and he was no longer subject to the prison policies that he challenged in the fourth amended complaint. *See Bernhardt v. County of Los Angeles*, 279 F.3d 862, 871 (9th Cir. 2002) ("An actual controversy must be extant at all stages of review, not merely at the time the complaint is filed."); *see also Walker v. Beard*, 789 F.3d 1125, 1132 (9th Cir. 2015) (a prisoner's claim is not moot where the policy under which the alleged violation occurred is still effective).

The district court did not abuse its discretion in denying Sessing's motion to supplement his fourth amended complaint because supplemental pleadings cannot be used to introduce a "separate, distinct and new cause of action." *Planned Parenthood of S. Ariz. v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997) (citation and internal quotation marks omitted) (setting forth standard of review and grounds for supplementing a complaint under Fed. R. Civ. P. 15(d)).

The district court did not abuse its discretion by denying Sessing's motion to file a fifth amended complaint because the relevant factors weighed against granting leave to amend. *See Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th

Cir. 2002) (setting forth standard of review and factors relevant to a motion to amend and explaining that "when a district court has already granted a plaintiff leave to amend, its discretion in denying subsequent motions to amend is particularly broad" (citation and internal quotation marks omitted)).

We reject as without merit Sessing's contentions that he was entitled to protective relief from transfer.

**AFFIRMED.**