NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 21 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DAVID GARLAND ATWOOD II, AKA
David Smith,

Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA; U.S.
PROBATION,

Defendants-Appellees.

No. 17-56010

D.C. No. 3:17-cv-01315-MMA-
BLM

MEMORANDUM*

Appeal from the United States District Court
for the Southern District of California
Michael M. Anello, District Judge, Presiding

Submitted August 15, 2018**

Before:    FARRIS, BYBEE, and N.R. SMITH, Circuit Judges.

David Garland Atwood II, AKA David Smith, a federal prisoner on

supervised release at the time he filed this action, appeals pro se from the district

court's judgment dismissing his action brought under *Bivens v. Six Unknown*

---

*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), challenging a condition of his supervised release and alleging inadequate medical care. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Watson v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915(e)(2)(B)); *Cement Masons Health & Welfare Trust Fund for N. Cal. v. Stone*, 197 F.3d 1003, 1005 (9th Cir. 1999) (dismissal for lack of subject matter jurisdiction). We affirm in part, reverse in part, and remand.

As an initial matter, we note that Atwood's supervised release was revoked while this appeal was pending and that he is currently incarcerated in a federal prison. We conclude that the portion of Atwood's action seeking declaratory and injunctive relief relating to a transfer to the San Diego Probation Office is now moot. *See Alvarez v. Hill*, 667 F.3d 1061, 1063-64 (9th Cir. 2012) (claims for declaratory and injunctive relief moot where inmate no longer had a legally cognizable interest in the outcome of the case). However, Atwood's request for monetary relief based on denial of adequate medical care is not moot.

The district court properly dismissed Atwood's action against the United States and the United States Probation Office on the basis of sovereign immunity. *See Cato v. United States*, 70 F.3d 1103, 1110-11 (9th Cir. 1995) (explaining that a *Bivens* action cannot be brought against the United States or its agencies). However, the district court abused its discretion in denying leave to amend because

2 17-56010

Atwood could amend to allege deliberate indifference against an individual federal official, and such a claim is not barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc) (setting forth standard of review, and explaining that it is an abuse of discretion to deny leave to amend when amendment is not futile); *cf. Thornton v Brown*, 757 F.3d 834, 843 (9th Cir. 2014) (challenge to parole conditions was not *Heck*-barred where plaintiff "does not challenge his status as a parolee or the duration of his parole and, even if he succeeds in [his] action, nearly all of his parole conditions will remain in effect"). We reverse the judgment in part and remand to allow Atwood an opportunity to amend his complaint.

Appellees' request for judicial notice (Docket Entry No. 18) is granted.

The parties shall bear their own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**