NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 30 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FRIENDS OF GUALALA RIVER; CENTER FOR BIOLOGICAL DIVERSITY, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> GUALALA REDWOOD TIMBER, LLC, <br><br> Defendant-Appellee. | No. 22-16924 <br><br> D.C. No. 3:20-cv-06453-JD <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
James Donato, District Judge, Presiding

Argued and Submitted September 13, 2024
San Francisco, California

Before: BYBEE, BEA, and MENDOZA, Circuit Judges.

Plaintiffs-Appellants Friends of Gualala ("Friends") and the Center for

Biological Diversity ("the Center") (collectively, "Appellants") sue Defendant-

Appellee Gualala Redwood Timber, LLC ("Gualala Timber") for violating the

Endangered Species Act, 16 U.S.C. § 1531 *et seq.* ("ESA"), by logging the Gualala

River floodplain and "taking" several endangered species, under the citizen suit

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

provisions of the ESA. The district court dismissed Appellants' action, under 16 U.S.C. § 1540(g). In relevant part, it declined to find that the completion of Gualala Timber's logging mooted Appellants' ESA claim. But it held that the judgment in Friends' prior suit in state court challenging Gualala Timber's logging project under state law precluded Appellants' federal claim. We have jurisdiction under 28 U.S.C. § 1291, and we review the issue of jurisdictional mootness de novo. *Alvarez v. Hill*, 667 F.3d 1061, 1063 (9th Cir. 2012).[1] We affirm.

Appellants' ESA claim is moot. "A case becomes moot whenever it 'los[es] its character as a present, live controversy of the kind that must exist if we are to avoid advisory opinions on abstract propositions of law.'" *Cantrell v. City of Long Beach*, 241 F.3d 674, 678 (9th Cir. 2001) (quoting *Hall v. Beals*, 396 U.S. 45, 48 (1969)) (alterations in original). In the environmental context, "completion of activity is not the hallmark of mootness." *Neighbors of Cuddy Mountain v. Alexander*, 303 F.3d 1059, 1065 (9th Cir. 2002); *Ctr. for Biological Diversity v. U.S. Bureau of Land Mgmt.*, 698 F.3d 1101, 1106 n.2 (9th Cir. 2012) (declining to find the suit moot despite the project being completed during the pendency of the lawsuit because mitigation measures could be imposed). Rather, when determining whether a case is moot, the "question is whether there can be any

---

[1] Because we find Appellants' suit moot, we need not decide whether judgment in Friends' state-court action precludes Appellants' ESA claim in federal court.

effective relief." *Cantrell*, 241 F.3d at 678.

To determine whether relief is available, we must look at the ESA's statutory scheme, specifically sections 9 and 7, which work together. *Ctr. for Biological Diversity*, 698 F.3d at 1106 (noting that Section 7 and Section 9 are "interlocking provisions"). Section 9—the provision under which Appellants bring their suit—prohibits "the taking of any member of a listed [endangered] species." *Or. Nat. Res. Council v. Allen*, 476 F.3d 1031, 1033 (9th Cir. 2007) (citing 16 U.S.C. § 1538(a)(1)(B)). In contrast, section 7 imposes a duty on federal agencies to ensure "that any action authorized, funded, or carried out" *by the agency* "is not likely to jeopardize the continued existence of any endangered species . . . or result in the destruction or adverse modification of habitat of such species." 16 U.S.C. § 1536(a)(2). Additionally, section 7 commands the Secretary to "provide the Federal agency and the applicant concerned, if any, with a written statement that . . . specifies those *reasonable and prudent measures* that the Secretary considers necessary or appropriate to minimize such impact." *Id.* § 1536(b)(4)(C)(ii) (emphasis added); *see also id.* § 1539(a)(2)(A).

Just as the provisions are distinct, so are the available remedies. If a private party or agency violates section 9, "any person" may commence a civil suit against that private party seeking a preliminary injunction to stop the "take." *See Cascadia Wildlands v. Scott Timber Co.*, 105 F.4th 1144, 1149–50 (9th Cir. 2024);

3

*Forest Conservation Council v. Rosboro Lumber Co.*, 50 F.3d 781, 785 (9th Cir. 1995) (noting that the citizen suit provision authorizes injunctive relief). Section 7, on the other hand, allows more. Indeed, a private party may ask the Court to order *a federal agency* to abide by section 7's obligations, which includes imposing mitigation measures as needed. *See Ctr. for Biological Diversity*, 698 F.3d at 1128 (ordering a federal agency to revise its Biological Opinion to account for mitigation measures); *W. Watersheds Project v. Kraayenbrink*, 632 F.3d 472, 495 (9th Cir. 2011) ("The citizen-suit provision 'is a means by which private parties may enforce the substantive provisions of the ESA against' government agencies." (quoting *Bennett v. Spear*, 520 U.S. 154, 173 (1997))).[2]

Appellants brought their suit under section 9, not section 7. Section 9 does not authorize the Court to impose mitigation measures on a private party in an ESA case. Rather, it allows only injunctive relief, which Appellants failed to receive in the district court and have not appealed here.[3] Therefore, there is no effective

---

[2] Appellants point to several cases that imposed mitigation measures. *See e.g.*, *Cantrell*, 241 F.3d at 678–79; *Cuddy*, 303 F.3d at 1065–66; *Forest Guardians v. U. S. Forest Serv.*, 329 F.3d 1089, 1094 (9th Cir. 2003). However, these cases differ from the case here in two ways: they either deal with different statutory schemes or the defendants are agencies, not private parties. *See also Ctr. for Biological Diversity*, 698 F.3d at 1128.

[3] Contrary to Appellants' suggestion, *Munsingwear* vacatur is inappropriate, since the "unilateral action" of Appellee is not the reason this suit became moot. Rather, Appellants' choice to dismiss their appeal of the district court's denial of their request for preliminary injunction contributed to mootness.

remedy available, and Appellants' suit is moot.

**AFFIRMED.**

*Wallingford v. Bonta*, 82 F.4th 797, 805 n.9 (9th Cir. 2023) (quoting *Arizonans for Off. English v. Arizona*, 520 U.S. 43, 71 (1997) (internal quotation marks and citations omitted)). Therefore, the "extraordinary remedy of vacatur" is inappropriate. *Id.* (quoting *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 26 (1994)).