**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 15 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



ARACELY HERNANDEZ,

    Plaintiff-Appellant,

 v.

LORI HUSCHER, OCE Supervisor;
BRUNS, Captain; EDWARDS, Correctional
Officer; S. ANDERSON; S. KILGORE;
HUDGKINSON, Corporal; IRVING,
Lieutenant; C. MILLER; DISHION,
Sergeant; BREEM, Hearings Officer; S.
NAGGY; L. ARRINGTON, Grievance
Coordinator; POPOFF, Ms.; ANGELA
WHEELER, Law Librarian; BRAULT,
Chaplain; LARKIN, Lt.; PALOMO, Kitchen
Coordinator,

    Defendants-Appellees.

No. 23-35038

D.C. No. 3:20-cv-00328-MK

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Mustafa T. Kasubhai, Magistrate Judge, Presiding[**]

Submitted April 15, 2026[***]

---

  [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  [**] The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

  [***] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: O'SCANNLAIN, SILVERMAN, and N.R. SMITH, Circuit Judges.

Former Oregon state prisoner Aracely Hernandez appeals pro se the district court's summary judgment in her action under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc *et seq.* ("RLUIPA"). While this appeal was pending, Hernandez was released from prison and defendants filed a motion to dismiss for mootness. We affirm in part and dismiss in part.

## I. Moot Claims

Hernandez's release from prison moots her First Amendment claim for injunctive relief and her RLUIPA claim to the extent that she seeks access to religious books or seeks to challenge prison policies regarding the confiscation of religious property. *See Alvarez v. Hill*, 667 F.3d 1061, 1064 (9th Cir. 2012) (explaining that an inmate's release from prison generally will moot claims for injunctive relief because the inmate is no longer subject to the challenged conditions or policies). Accordingly, these claims are dismissed.

## II. First Amendment Claim

The district court properly granted summary judgment on Hernandez's First Amendment claim for damages, premised on the denial of Ramadan accommodations, because Hernandez failed to timely exhaust administrative remedies consistent with prison policies. *See* Or. Admin. R. 291-109-0205(1) (stating that grievances must be received within 14 days of the incident being grieved); *Woodford v. Ngo*, 548 U.S. 81, 85, 93-95 (2006) (explaining that exhaustion

2                                                                23-35038

is mandatory and must be done in a timely manner consistent with prison policies). Because Hernandez did not raise before the district court her argument that she was denied accommodation because of COVID-19 restrictions, we decline to consider this argument on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

### III.    RLUIPA Claim

To the extent that Hernandez seeks damages for her RLUIPA claim, the district court properly granted summary judgment because damages are not available. *See Al Saud v. Days*, 50 F.4th 705, 709 (9th Cir. 2022) ("Only injunctive relief, not monetary damages, is available pursuant to RLUIPA[.]").

To the extent that Hernandez seeks injunctive relief on her RLUIPA claim for return of allegedly confiscated property, summary judgment was proper because Fernandez failed to raise a triable dispute as to whether defendants' actions imposed a substantial burden on the exercise of her religious beliefs. *See Warsoldier v. Woodford*, 418 F.3d 989, 994 (9th Cir. 2005) (explaining plaintiff's initial burden to show a violation under RLUIPA).

### IV.

Appellees' motion to dismiss this appeal as moot (Docket Entry No. 26) is GRANTED in part and DENIED in part.

**AFFIRMED in part; DISMISSED in part.**

23-35038