**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

APR 27 2026

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KEENAN G. WILKINS, | No. 23-15934 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-00475-TLN-DMC |
| v. | |
| JEFF MACOMBER, Warden; KELLY HARRINGTON, Warden; TIMOTHY M. LOCKWOOD; OREL DAVID; R. STEWART; B. MOORE; R. RAMIREZ; THERESA GIANNELLI, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Submitted April 27, 2026**

Before: O'SCANNLAIN, SILVERMAN, and N.R. SMITH, Circuit Judges.

California state prisoner Keenan G. Wilkins appeals pro se from the district

court's summary judgment and screening dismissal in Wilkins's action under 42

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. §§ 1983, 1985, and 1986 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA") alleging claims arising from his incarceration at California State Prison-Sacramento. We dismiss in part and affirm in part.

## I.
### Moot Claims Dismissed

Because Wilkins was transferred from the Sacramento prison in 2016, his claims for injunctive and declaratory relief, including his RLUIPA claims, became moot. *See Walker v. Beard*, 789 F.3d 1125, 1132 (9th Cir. 2015) (explaining that a claim for injunctive relief would be moot following prisoner's transfer if he "did not demonstrate 'a reasonable expectation that he [would be] . . . subjected again'" to the challenged policy (citation omitted)); *Alvarez v. Hill*, 667 F.3d 1061, 1064 (9th Cir. 2012) (explaining that the same is true for claims seeking declaratory relief); *see also Al Saud v. Days*, 50 F.4th 705, 709 (9th Cir. 2022) ("Only injunctive relief, not monetary damages, is available pursuant to RLUIPA[.]").

## II.
### Additional Dismissed Claims

The district court properly dismissed Wilkins's Fourth Amendment claim, alleging that defendants violated his right to privacy by housing him in a double cell without curtains, because he failed to allege facts rising to the level of a constitutional violation. *See Michenfelder v. Sumner*, 860 F.2d 328, 333-34 (9th Cir. 1988) (recognizing that "incarcerated prisoners retain a limited right to bodily

2

privacy," but that prison policies may constitutionally impinge on this right if they are "reasonably related to legitimate penological interests" (citation omitted)); *see also Hudson v. Palmer*, 468 U.S. 517, 525-26 (1984) (holding, in the context of a claim alleging an unreasonable search, that prisoners have no Fourth Amendment right to privacy in their cells).

The district court properly dismissed Wilkins's claims of conspiracy under 42 U.S.C. §§ 1985 and 1986 because he failed to allege facts showing that defendants conspired together. *See Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988) ("A claim under [§ 1985] must allege facts to support the allegation that defendants conspired together. A mere allegation of conspiracy without factual specificity is insufficient."; "A claim can be stated under section 1986 only if the complaint contains a valid claim under section 1985.").

### III.
### Claims Affirmed Upon Summary Judgment

The district court properly granted summary judgment on Wilkins's Eighth Amendment claims premised on the absence of privacy and the provision of only one desk in his double cell because he failed to raise a genuine dispute of material fact as to whether the challenged conditions rose to the level of a constitutional violation. *See Hampton v. California*, 83 F.4th 754, 766 (9th Cir. 2023) (explaining that an Eighth Amendment violation requires a showing of a deprivation that was, "objectively, 'sufficiently serious,'" that is, that "it is

3

'contrary to current standards of decency'" (citations omitted)); *see also Rhodes v. Chapman*, 452 U.S. 337, 347 (1981) (stating that prison conditions may be "restrictive and even harsh" without violating the Eighth Amendment).

The district court properly granted summary judgment on Wilkins's Eighth Amendment claims premised on the design of his bunk bed and his fear of harm by cellmates because he failed to raise a triable dispute as to whether defendants knew of and disregarded an excessive risk to his safety. *See Hampton*, 83 F.4th at 767 (explaining that to establish an Eighth Amendment violation, a prisoner must show that officials "knew of and disregarded an excessive risk to inmate health or safety" (citation omitted)); *see also Labatad v. Corr. Corp. of Am.*, 714 F.3d 1155, 1161 (9th Cir. 2013) (finding no deliberate indifference where an inmate protested his cellmate assignment but did not disclose a specific threat, and no other facts supported drawing an inference of a substantial risk to him).

The district court properly granted summary judgment on Wilkins's Eighth Amendment claim premised on unsanitary cell conditions because he failed to raise a triable dispute as to whether the challenged conditions were severe or prolonged. *See Anderson v. County of Kern*, 45 F.3d 1310, 1314 (9th Cir. 1995) (explaining that "subjection of a prisoner to lack of sanitation that is severe or prolonged" can violate the Eighth Amendment).

The district court properly granted summary judgment on Wilkins's equal

4

protection claim against defendant Rabbi David premised on the denial of access to group religious services because Wilkins failed to raise a triable dispute as to whether David "acted with an intent or purpose to discriminate against [him] based on membership in a protected class." *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013) (citation omitted) (setting forth requirements of an equal protection claim).

The district court properly granted summary judgment on Wilkins's free exercise claims against Gianelli, Macomber, and Stewart because Wilkins failed to raise a triable dispute as to whether they took any action that substantially burdened the free exercise of his religion. *See Long v. Sugai*, 91 F.4th 1331, 1337 (9th Cir. 2024) ("In ruling on a prisoner's First Amendment free exercise claim, we first determine whether the challenged prison policy or practice substantially burdened the prisoner's free exercise of his or her religion."); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008) ("In a § 1983 action, the plaintiff must . . . demonstrate that the defendant's conduct was the actionable cause of the claimed injury.").

The district court properly granted summary judgment on Wilkins's free exercise claim against Rabbi David because Wilkins failed to raise a triable dispute as to whether any burden on his religious exercise was not reasonably related to the prison's legitimate penological interest in safety and security. *See Long*, 91 F.4th

5

at 1337 (explaining that if the challenged policy substantially burdens the prisoner's exercise of religion, "we then apply the four factors set forth in *Turner v. Safley*, 482 U.S. 78 (1987), to determine whether the burden was 'reasonably related to legitimate penological interests'" (citation omitted)); *McElyea v. Babbitt*, 833 F.2d 196, 197 (9th Cir. 1987) (explaining that prisoners' right to free exercise "is necessarily limited by the fact of incarceration, and may be curtailed in order to achieve legitimate correctional goals or to maintain prison security").

IV.
Remaining Contentions

Wilkins has not identified error in the district court's implicit denial of Wilkins's request, raised in his opposition to summary judgment, for additional discovery under Federal Rule of Civil Procedure 56(d).  *See* Fed. R. Civ. P. 56(d); *Stevens*, 899 F.3d at 676-77 ("We treat the district court's failure specifically to address the Rule 56(d) request as an implicit denial."); *Brae Transp., Inc. v. Coopers & Lybrand*, 790 F.2d 1439, 1443 (9th Cir. 1986) ("References in memoranda and declarations to a need for discovery do not qualify as motions under [Rule 56(d)]. . . . Failure to comply with [Rule 56(d)] is a proper ground for denying discovery and proceeding to summary judgment.").

The district court did not abuse its discretion in denying Wilkins's motion to compel discovery because he has not shown prejudice resulting from the denial. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) ("[B]road discretion is

6

vested in the trial court to permit or deny discovery, and its decision to deny discovery will not be disturbed except upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant." (citation omitted)).

The district court did not abuse its discretion in denying Wilkins's request for sanctions against defendants' counsel because Wilkins failed to identify any conduct warranting sanctions. *See In re Keegan Mgtmt. Co., Sec. Litig.*, 78 F.3d 431, 436 (9th Cir. 1996) (explaining that a counsel's conduct may be sanctioned only upon a specific finding of bad faith).

The district court did not abuse its discretion in denying Wilkins's motion to strike portions of defendants' sur-reply to the motion for summary judgment because his contentions regarding its contents are unsupported by the record. *See Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 963 (9th Cir. 2018).

The district court did not abuse its discretion in denying Wilkins's motion to amend the complaint to add a new retaliation claim because amendment would have caused undue delay and been futile. *See* Fed. R. Civ. P. 15(a); *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1387 (9th Cir. 1990) ("A trial court may deny such a motion if permitting an amendment would prejudice the opposing party, produce an undue delay in the litigation, or result in futility for lack of merit.").

The district court did not abuse its discretion in denying Wilkins's motion

for relief from judgment because he did not provide any grounds for relief, nor did he file the motion within a reasonable time of the order being challenged. *See* Fed. R. Civ. P. 60(b) (setting forth grounds for relief from judgment); Fed. R. Civ. P. 60(c)(1) (stating that motions under Rule 60(b) must be filed within a reasonable time, and for newly discovered evidence, within one year of the order being challenged); *Casey v. Albertson's, Inc.*, 362 F.3d 1254, 1257 (9th Cir. 2004) (standard of review).

Wilkins's motion for appointment of counsel on appeal, Docket Entry No. 27, is DENIED.

**DISMISSED in part; AFFIRMED in part.**