**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TREANDOUS A. COTTON, | No. 12-15829 |
| Plaintiff - Appellant, | D.C. No. 3:09-cv-00385-WHA |
| v. | |
| MATTHEW L. CATE; ANTHONY HEDGPETH, Warden; GEORGE A. NEOTTI, Warden, Deputy Chief; SUE SUMMERSETT, Departmental Food Administrator; A. LAWDOU, Chaplain; J. BRUNSCHER, Supervising Correctional Cook; R. CONWAY, Correctional Food Manager; K. ROBINSON, Assistant Correctional Food Manager; R. MANUEL, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Argued and Submitted April 9, 2014
San Francisco, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: TALLMAN and CLIFTON, Circuit Judges, and DUFFY, District Judge.[**]

Treandous Cotton began practicing the Shetaut Neter religion in a California state prison. The religion mandates a Kemetic diet. The diet is practically, but not by definition, vegan and organic. Cotton asked prison officials to provide him a Kemetic diet; they refused, and he sued. He brings three claims: an Equal Protection claim under 42 U.S.C. § 1983; a Free Exercise claim also under § 1983; and a claim for damages and injunctive relief under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). The district court granted a motion to dismiss one defendant, Matthew Cate, and then disposed of the rest of Cotton's case on summary judgment. Cotton appeals. We affirm in part, reverse in part, and remand.

We affirm the dismissal of defendant Matthew Cate. Our review is de novo. Kahle v. Gonzales, 487 F.3d 697, 699 (9th Cir. 2007). We affirm because Cotton has not met his burden under Rule 28(a)(8)(A) of the Federal Rules of Appellate Procedure. The rule requires appellants to present their "contentions and the reasons for them" in their opening briefs. Fed. R. App. P. 28(a)(8)(A). In his

_____

[**]     The Honorable Kevin Thomas Duffy, District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

2

opening brief, Cotton contends that dismissing Cate was error, but does not explain how Cate could be personally liable. Instead, we are invited to figure it out for ourselves. Per Rule 28, we decline the invitation. See Christian Legal Soc'y Chapter of Univ. of Cal. v. Wu, 626 F.3d 483, 487 (9th Cir. 2010).

We also affirm summary judgment as to Cotton's § 1983 claims. Again, review is de novo. Suzuki Motor Corp. v. Consumers Union of United States, Inc., 330 F.3d 1110, 1131 (9th Cir. 2003). All constitutional claims brought by prisoners, except Eighth Amendment claims, are subject to Turner v. Safley, 482 U.S. 78 (1987). Ward v. Walsh, 1 F.3d 873, 877 (9th Cir. 1993). Under Turner, a prisoner's constitutional claim fails if the challenged policy or action is rationally related to a legitimate penological interest. 482 U.S. at 78–80. Here, Cotton concedes that the prison officials have a legitimate penological interest in maintaining a simple food service. Denying Cotton's request to create and serve a new meal plan is rationally related to that interest. See, e.g., Shakur v. Schriro, 514 F.3d 878, 886 (9th Cir. 2008).

Next, we affirm summary judgment as to Cotton's claims for damages under RLUIPA. It is significant that all the defendants are individuals. The Act doesn't allow damages against individuals sued in their official capacities. Holley v. Cal. Dep't of Corr., 599 F.3d 1108, 1114 (9th Cir. 2010). And, if invoked under the

3

Spending Clause, RLUIPA doesn't allow damages against individuals sued in their individual capacities. Wood v. Yordy, No. 12-35336, slip op. at 3, 11 (9th Cir. June 3, 2014). There is a chance that, if invoked under the Commerce Clause, RLUIPA would support Cotton's claim. See Stewart v. Beach, 701 F.3d 1322, 1334–35 n.11 (10th Cir. 2012); see also 42 U.S.C. § 2000cc-1(b)(2). But Cotton has waived that argument by failing to invoke the Commerce Clause before oral argument. Butler v. Curry, 528 F.3d 624, 642 (9th Cir. 2008).

Since Cotton no longer has any claims for damages, the defendants' request for qualified immunity, which only applies to damages, is moot. See Pearson v. Callahan, 555 U.S. 223, 231 (2009).

Finally, we reverse summary judgment as to Cotton's claims for injunctive relief under RLUIPA. Under the Act, "Once the plaintiff establishes that the challenged state action substantially burdens his religious exercise, the government bears the burden of establishing that the regulation serves a compelling government interest and is the least restrictive means of achieving that interest." Shakur, 514 F.3d at 889.

Here, a reasonable finder of fact could find that the defendants' refusal to provide Cotton with a Kemetic diet substantially burdened his religious exercise. No one disputes that, for Cotton, diet is a religious matter. And Cotton's religious

4

leader declared that the religion's scriptures "mandate the Kemetic diet for all practitioners of Shetaut Neter." Thus, not having the diet could be a substantial burden to Cotton.

The burden then shifts to the defendants, and they fail to meet it here. We assume that the prison can show a compelling interest, but they have not shown least restrictive means. "[A] prison cannot meet its burden to prove least restrictive means unless it demonstrates that it has actually considered and rejected the efficacy of less restrictive measures before adopting the challenged practice." Shakur, 514 F.3d at 890 (quoting Warsoldier v. Woodford, 418 F.3d 989, 999 (9th Cir. 2005)). And the demonstration must be with sufficient evidence; "conclusory assertions" are not enough. Id. Here, the prison adequately demonstrated that it considered and rejected obtaining food for Cotton from a distant grocery store. But it only offered a single conclusory sentence saying that using approved food vendors—which the defendants admit carry some organic and vegan products—wouldn't work. The existing vendors may well be insufficient, cost-prohibitive, or otherwise unworkable. But the prison must explain why in greater detail than the single conclusory sentence it offered.

We do not mean to suggest that prisons must write volumes to satisfy RLUIPA. Nor need they run to ground all possible leads or waste time inventing,

5

analyzing, and rejecting hopeless alternatives.  But reversal is appropriate where, as here, the prison fails to explain, and instead merely asserts, that a potential less restrictive alternative won't work.

AFFIRMED in part, REVERSED in part, and REMANDED.

Each party to bear its own costs.