**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 24 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PAUL HUPP, | No. 16-56879 |
| Plaintiff-Appellant, | D.C. No. 5:14-cv-00576-VAP-SP |
| v. | |
| COUNTY OF SAN DIEGO; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Submitted September 18, 2019**

Before:    FARRIS, TASHIMA, and NGUYEN, Circuit Judges.

Former California state prisoner Paul Hupp appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging constitutional

claims.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo. *Hebbe*

*v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010) (dismissal under Fed. R. Civ. P.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

12(b)(6)); *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009) (dismissal under Fed. R. Civ. P. 12(c)). We may affirm on any basis supported by the record. *Kohler v. Bed Bath & Beyond of Cal., LLC*, 780 F.3d 1260, 1263 (9th Cir. 2015). We affirm.

Dismissal of Hupp's claims related to the County of San Diego's failure to transfer promptly his inmate trust account funds was proper because Hupp failed to allege facts sufficient to show that County policymakers had actual or constructive notice that this failure was "substantially certain to result in the violation of constitutional rights . . . ." *Castro v. County of Los Angeles*, 833 F.3d 1060, 1076 (9th Cir. 2016) (discussing requirements to establish municipal liability).

Dismissal of Hupp's due process claims related to the donation of his property was proper because Hupp had an adequate post-deprivation remedy under California law, and Hupp failed to allege facts sufficient to show that the policymaker responsible for the policy in question knew or should have known that the policy's enforcement would inflict a constitutional injury. *See Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 436 (1982) (explaining that when "it is the state system itself that destroys a complainant's property interest" the challenge is to the "established state procedure that destroys his entitlement without according

2                                                                                          16-56879

him proper procedural safeguards" (internal quotation marks omitted)); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) (explaining personal participation requirement); *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (California law provides an adequate post-deprivation remedy for property loss).

The district court properly dismissed Hupp's unlawful seizure claim because the Fourth Amendment does not protect an inmate from the seizure, conversion, or destruction of his property. *See Taylor v. Knapp*, 871 F.2d 803, 806 (9th Cir. 1989).

Dismissal of Hupp's due process and deliberate indifference claims related to the 90-day diagnostic evaluation was proper because Hupp failed to allege facts sufficient to show that he was not provided with the process he was due, or that Johnwell, Flesock, or Rigsby knew of and disregarded an excessive risk to Hupp's health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994) (conditions of confinement claim requires showing that prisoner was subjected to a sufficiently serious deprivation and that defendants knew of and disregarded an excessive risk to prisoner's health or safety); *Krainski v. Nev. ex. rel. Bd. of Regents of Nev. Sys. of Higher Educ.*, 616 F.3d 963, 970 (9th Cir. 2010) (elements of procedural due process claim).

16-56879

Dismissal of Hupp's challenges to Cal. Penal Code § 1203.03 was proper because Hupp lacks standing to bring these claims. *See Alvarez v. Hill*, 667 F.3d 1061, 1064 (9th Cir. 2012) (an inmate's release from prison moots any claims for injunctive or declaratory relief relating to the prison's policies).

The district court properly dismissed Hupp's claims for denial of access to the courts because Hupp failed to allege facts sufficient to show he suffered an actual injury. *See Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (requirements for denial of access to courts claim).

Dismissal of Hupp's claim concerning the light in his cell was proper because Hupp failed to allege facts sufficient to show that the deprivation he suffered was sufficiently serious. *See Farmer*, 511 U.S. at 834, 837.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

16-56879